1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GINA DIANE CARMICHAEL,                   No.  2:16-cv-2476-JAM-EFB PS

11                     Plaintiffs,

12          v.                                 ORDER

13   SACRAMENTO REGIONAL TRANSIT,
     DOES 1-5,
14
                      Defendant.
15

16          Plaintiff has filed an application for leave to proceed *in forma pauperis* pursuant to 28

17   U.S.C. 1915.[1]  Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).

18   *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C.

19   § 1915(a).

20          Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

24   below, plaintiff's complaint must be dismissed for failure to state a claim and lack of subject

25   matter jurisdiction.[2]

26   _____

27          [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).
28

                                               1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a complaint must establish the court's subject matter jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1)

---

[2] Defendants Sacramento Regional Transit, Corinnna De La Torres, Mike Seo, and Alan Bertram have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e). ECF No. 6. That motion is noticed for hearing on October 4, 2017. *Id.* Plaintiff has also filed a motion for summary judgment. ECF No. 7. Because plaintiff's complaint must be dismissed, the October 4, 2017 hearing is vacated and both motions are denied as moot.

arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff brings this action against defendants Sacramento Regional Transit; Ben Louie, Chief of Regional Transit Police Services; and three regional transit employees, Corinna Dela Torres, Mike Seo, and Alan Bertram and purports to assert claims under a federal criminal statute, 18 U.S.C. § 1001, as well as the California Government Code and Penal Code, as well as several state common law claims. ECF No. 1.[3] Plaintiff alleges that she has filed several claims for damages with Sacramento Regional Transit, but the individual defendants have concealed the "file numbers being assigned to [plaintiff's] cases." *Id*. at 4-5. She claims that Mike Seo has been disrespectful in regards to her claims, and that Alan Bertram has refused to confirm the case numbers assigned to her claims. *Id*. at 7. She further alleges that Ben Louie was negligent for not reviewing a claim involving a kidnapping. *Id*. The complaint also alleges that after plaintiff filed a claim concerning her wrongful detention by Regional Transit officers, Corinna Dela Terre provided a response "with no case or file number." *Id*.

The complaint fails to allege a federal cause of action. Plaintiff claims that the defendants' conduct constituted fraud in violation 18 U.S.C. § 1001, but that criminal statute does not create a private right of action. *See Dowdell v. Sacramento Housing & Redevelopment*

---

[3] Plaintiff subsequently filed a document entitled "Amended Complaint." ECF No. 4. In the document references a claim plaintiff submitted with Sacramento Region Transit on April 7, 2016, but is otherwise largely unintelligible. *Id*. Despite the documents title, it does not appear to be an amended complaint, and the court declines to treat it as one.

*Agency*, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (finding that 18 U.S.C. § 1001 does not create a private right of action); *Fed. Savings & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir.1987) (same ); *Abou–Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (same).  He also references the Consumer Financial Protection Act, which likewise does not provide for a private right of action.  *See Gingras v. Rosette*, 2016 WL 2932163 (D. Vt. May 18, 2016) ("Defendants are correct in their claim that the Consumer Financial Protection Act ('CFPA'), 12 U.S.C. § 5481 *et seq*., does not provide for a private right of action.  Although reported cases on this issue are scarce, the structure and specific provisions of the CFPA makes it clear that Congress did not intend to create private causes of action.").

Lastly, plaintiff references the Equal Credit Opportunity Act ("ECOA"), but that act appears to have no relevance to the factual allegations in the complaint.  *See Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982) ("The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit.").  Thus, plaintiff fails to sufficient allege a federal claim.

Although the complaint also purports to be based on diversity jurisdiction, ECF No. 1 at 3, the complaint indicates that all defendants are citizens of California, *id*. at 3-4.  Therefore, there can be no diversity jurisdiction over plaintiff's state law claims.

Accordingly, the complaint must be dismissed for failure to state a claim and lack of jurisdiction.  However, plaintiff is granted leave to file an amended complaint.  Any amended complaint must allege a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure

10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted;

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein;

3. The October 4, 2017 hearing on defendants Sacramento Regional Transit, Corinnna De La Torres, Mike Seo, and Alan Bertram's motion to dismiss is vacated;

4. Defendants Sacramento Regional Transit, Corinnna De La Torres, Mike Seo, and Alan Bertram's motion to dismiss (ECF No. 6) and plaintiff's motion for summary judgment (ECF No. 7) are denied as moot; and

/////
/////
/////
/////

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  September 28, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE