UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA DIANE CARMICHAEL,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO REGIONAL TRANSIT, DOES 1-5,<br><br>Defendant. | No. 2:16-cv-2476-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed her original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] ECF No. 8. Plaintiff subsequently filed an amended complaint. ECF No. 9. Before the court could screen that complaint, plaintiff filed a second amended complaint (ECF No. 10), as well as three addenda (ECF Nos. 11, 12, 13), which the court construes collectively as the operative complaint. However, as explained below, this most recent complaint fails to cure the defects that resulted in dismissal of plaintiff's original complaint, and it too must be dismissed.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Defendants Sacramento Regional Transit, Corinnna De La Torres, Mike Seo, and Alan Bertram have filed a motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure ("Rule")12(b)(6) or, in the alternative, for a more definite statement pursuant

1

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

---

to Rule 12(e). ECF No. 15. That motion is noticed for hearing on January 10, 2018. *Id*. In light of the recommendation herein that plaintiff's amended complaint be dismissed, the January 10, 2018 hearing is vacated and it is further recommended defendants' motion be denied as moot.

"case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The original complaint alleged that plaintiff had filed several claims for damages with Sacramento Regional Transit, but that the defendants Ben Louie, Chief of Regional Transit Police Services; and three regional transit employees, defendants Corinna Dela Torres, Mike Seo, and Alan Bertram, concealed the "file numbers being assigned to [plaintiff's] case." ECF No. 1 at 4-5. Plaintiff also claimed that the defendants had been disrespectful and negligent in handling her claims. *Id*. at 7. She further alleged that after she filed a claim concerning her wrongful detention by Regional Transit officers, Corinna Dela Terre provided a response "with no case or file number." *Id*. The original complaint purported to assert claims under a federal criminal statute, 18 U.S.C. § 1001, the California Government Code and Penal Code, as well as several state common law claims. *Id*. It also briefly referenced the Consumer Financial Protection Act and the Equal Credit Opportunity Act.

The order dismissing that complaint explained that plaintiff had failed to allege a federal claim, as 18 U.S.C. § 1001 and the Consumer Financial Protection Act do not provide for a private right of action and the Equal Credit Opportunity Act had no relevance to the allegations in the complaint. ECF No. 8 at 3-4. The order also pointed out that plaintiff and all defendants are citizens of California, and therefore there is no diversity jurisdiction over plaintiff's state law claims. *Id*. at 4. Accordingly, the complaint was dismissed with leave to amend.

The allegations in plaintiff's second amended complaint are substantially similar to those in the original complaint, and again fail to state a claim for relief. Liberally construed, the second

amended complaint alleges that plaintiff has filed numerous claims with Sacramento Regional Transit since 1998, but that the individual defendants refused to assign case numbers to any of those cases. ECF No. 10. As an example, plaintiff alleges that she filed a claim after she was detained by three Regional Transit police officers, but "[t]here has been no case file number assigned to personal injury claims." *Id*. at 5-6. She also alleges that defendant Corinna De La Torre, a claims technician with Sacramento Regional Transit, has intentionally refused to assign case numbers to plaintiff's claim to impede plaintiff's ability to file cases in court. *Id*. at 7. She further alleges that defendant Alan Bertram confirmed that no number have been assigned to her claims, and that defendant Mike Seo "has always been disrespectful with claims." *Id*. at 28. The second amended complaint purports to allege claims under 18 U.S.C. § 1001, 12 U.S.C. §§ 5531 and 5536 of the Consumer Financial Protection Act, the Equal Credit Opportunity Act, the Administrative Procedure Act, and the Comprehensive Crime Control Act of 1984. *Id*. at 1.

As previously explained to plaintiff, neither 18 U.S.C. § 1001 nor the Consumer Financial Protection Act create a private right of action. *See Dowdell v. Sacramento Housing & Redevelopment Agency*, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (finding that 18 U.S.C. § 1001 does not create a private right of action); *Fed. Savings & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir.1987) (same ); *Abou–Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (same); *Hohannes v. Olympic Collection, Inc.*, 2017 WL 6060113, at *2 (W.D. Wash. Dec. 7, 2017) (holding that the CFPA does not create a private right of action for violation of 12 U.S.C. §§ 5531, 5536); *Gingras v. Rosette*, 2016 WL 2932163 (D. Vt. May 18, 2016) ("Defendants are correct in their claim that the Consumer Financial Protection Act ('CFPA'), 12 U.S.C. § 5481 *et seq*., does not provide for a private right of action. Although reported cases on this issue are scarce, the structure and specific provisions of the CFPA makes it clear that Congress did not intend to create private causes of action.").

Furthermore, the allegations in the operative complaint appear to have no relevance to the Equal Credit Opportunity Act ("ECOA"), nor the Comprehensive Crime Control Act. *See Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982) ("The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women

4

whom creditors traditionally refused to consider for individual credit."); Comprehensive Crime Control Act of 1984, Pub. L. 98-473 (amending various provisions of Tile 18). Thus, plaintiff fails to allege a cognizable federal claim.[3]

Plaintiff also cannot allege a claim for violation of the Administrative Procedure Act ("APA"). The APA applies only to agencies under the "authority of the Government of the United States," 5 U.S.C. § 701(b)(1). Sacramento Regional Transit, the only agency identified in second amended complaint, is not a federal agency, and thus not covered by the APA. *See, e.g., Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 317 F. Supp. 2d 1188, 1192 (C.D. Cal. 2004) ("[T]he Administrative Procedure Act only applies to federal agencies."); *Jensen v. Locke*, 2009 WL 10676342, at *2 (D. Alaska Nov. 13, 2009) ("The Act clearly states that its provisions apply only to federal agencies, and not to state agencies like the Alaska Board of Fisheries."). Accordingly, plaintiff fails to sufficiently allege a federal claim.

Plaintiff's state law claims must also be dismissed. Her original complaint indicated that plaintiff and all defendants are citizens of California, and therefore there can be no diversity jurisdiction over plaintiff's state law claims.[4] Accordingly, plaintiff's second amended complaint must be dismissed.

Plaintiff's amended complaint is plagued with the same deficiencies as the original complaint. Given plaintiff's complete failure to remedy the deficiencies identified by the court in the prior dismissal order, the court finds that further amendment would be futile. Accordingly, plaintiff's second amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se

/////

---

[3] Plaintiff also vaguely references the Due Process and Equal Protection clauses of the Fourteenth Amendment. ECF No. 10 at 8. It is not clear whether plaintiff also intends to assert a claim under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment rights. But assuming she does, the claim must be dismissed for failure to state a claim. Plaintiff does not allege any facts demonstrating a violation of her right to due process and equal protection, nor does she allege that any specific defendant is responsible for whatever violation she believes occurred.

[4] Plaintiff's second amended complaint is silent as to the citizenship of the parties.

5

plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS ORDERED that the January 10, 2018 hearing on defendant Sacramento Regional Transit, Corinna De La Torres, Mike Seo, and Alan Bertram's motion to dismiss is vacated.

Further, it is RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF Nos. 10, 11, 12, 13) be dismissed without leave to amend;

2. Defendants' motion to dismiss the second amended complaint (ECF No. 15) be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE